IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                          ) | Criminal No. 13-175 |
| ) | |
| DAVID J. ISABELLA              ) | |

**THE UNITED STATES' SENTENCING MEMORANDUM**

The defendant, David J. Isabella, committed wire fraud because he wrongfully followed his brother's lead and engaged in an internet ticket fraud scheme. According to the defendant, he initially started by assisting his brother, who learned about the internet ticket fraud scheme from Jessie Gasior, in picking up fraudulently-obtained money. The defendant subsequently started his own ticket fraud scheme and cheated 104 trusting Americans of $29,699.91. The defendant exploited one of our nation's great societal values: its high level of trustworthiness. *See, e.g.,* Richard Wike and Kathleen Holzwart, *Where Trust is High, Crime and Corruption are Low*, Pew Research Center, April 15, 2008, available at http://www.pewglobal.org/2008/04/15/where-trust-is-high-crime-and-corruption-are-low. This value ought to be protected by this Court.

The government requests a sentence at the lower end of the advisory guidelines range. The defendant's advisory guidelines range is 15 to 21 months, which is the same as his brother's advisory guidelines range. The defendant's conduct involved less victims and money; in addition, the defendant was influenced by his older brother. As a result, the defendant should receive a lesser sentence than Daniel Isabella, Jr. However, the sentence must reflect the seriousness of his offense, hold the defendant accountable, and deter others from engaging in

1

similar activity.  A within guidelines sentence at the lower end of the guidelines range would meet these goals.  Moreover, such a sentence also would be sufficient but not greater than necessary to meet the goals of sentencing.

## BACKGROUND

The defendant graduated high school in 2009.  From 2010 to 2012, the defendant attended Community College.  However, the defendant's record for most of 2012 is sparse.  During this year, he made over $30,000 from the ticket fraud scheme (both with his own action and in assisting his brother) that resulted in the Indictment in this case.  Since then, the defendant has worked fairly consistently.

The defendant was taught the scheme by his brother, who learned about the scheme from Jessie Gassior. *See* 12-cr-139.  Before participating in such a scheme, the defendant and his brother called a number of police departments throughout the nation, including the Pittsburgh Police Department, and pretended to be victims of a similar internet fraud scam (i.e., the defendant filed false police reports).  Upon learning that there was little the local police could do to assist such victims, the defendant decide to participate in the ticket fraud scam.

The defendant would create fraudulent Craigslist postings claiming to have tickets to entertainment events.  When a potential victim contacted him about the tickets, the defendant personally talked to the victim; he would claim to have tickets to an entertainment event, provide some fabricated explanation detailing why he could not attend the event, and convince the victims that their money would be protected if they use Moneygram to pay for the tickets.   He then robbed the callers.

A federal grand jury indicted the defendant for one count of conspiracy, in violation of 18 U.S.C. §§ 371, and three counts of wire fraud, in violation of 18 U.S.C. § 1343.  The defendant

was arraigned on July 9, 2013, and released on bond. The defendant failed a drug test while on release on August 8, 2013. On March 6, 2014, the defendant pled guilty to the wire fraud counts.

The Presentence Investigation Report ("PSR") found that the United States Sentencing Guidelines range for imprisonment was 15 to 21 months based on an offense level of 14 and a Criminal History Category I. Because this range is in Zone D of the Sentencing Table, the Guidelines assert that the minimum term shall be satisfied by a sentence of imprisonment.

18 U.S.C. § 3553(a)

This Court must impose a sentence that is reasonable in light of the factors listed in 18 U.S.C. § 3553(a). Section 3553(a) directs this Court to impose a sentence that is sufficient to account for each of the relevant § 3553(a) factors but that is no longer than necessary. An analysis of the § 3553(a) factors in this case demonstrates that a sentence at the lower end of the Guidelines range is warranted.

    A.    Nature of the Offense

The defendant essentially engaged in 104 separate instances of wire fraud over a span on nine months and he assisted his brother in countless more instances. Each instance of wire fraud required the defendant to make a number of fraudulent statements to cajole victims. In the end, the defendant simply robbed these individuals of $29,699.91.

In engaging in this offense, the defendant preyed on our society's trust; a value that should be encouraged and protected; as of today, there are 104 U.S. residences that are less trusting and honest than before due solely to their interaction with the defendant.

    B.    History and Characteristics of the Defendant

The defendant is a serial fraudster. He cheated others of their hard earned money rather

than earning it himself. Although the defendant has a good relationship with his brother, his brother has been a toxic influence.

Moreover, the defendant called police stations pretending to be a victim in order to ascertain whether he could avoid being caught. The defendant did not care that he committed a crime and stole from a hundred people; the defendant only cared about whether he would be caught and whether he would have to go to jail.

    C.   <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense</u>

Congress requires that sentencing courts consider the need for the sentence imposed to reflect the seriousness of the offense. As mentioned above, the offenses are serious. Widespread fraud schemes impact our nation's trust and damages the reputation of the companies such as Craigslist.

    D.   <u>The Need for the Sentence Imposed to Promote Respect for the Law</u>

The defendant has little respect for the law. The defendant did not care about the individuals he defrauded or about the law. He engaged in the scheme only after calling police stations pretending to be a victim. After assessing that local police could not catch him, the defendant participated in the fraud scheme.

In order for the sentence to promote respect for the law, it must sufficiently convey that fraud schemes will not be tolerated in the Western District of Pennsylvania. Anything less than a sentence within the advisory guidelines would suggest to the defendant and others that lying to cheat individuals of money will not be fully punished. Only a sentence above the sentencing guidelines will send a message to this defendant that the law should be taken seriously.

    E.   <u>The Need for the Sentence Imposed to Provide Just Punishment</u>

Just punishment is another factor that Congress directs courts to consider when imposing a

sentence. A sentence of imprisonment at the lower end of the guidelines range is needed to provide just punishment and to hold the defendant accountable for his actions.

  F. <u>The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct</u>

  Deterrence is critical in this case. The defendant learned about the scheme from his brother, who, in turn, learned about it from Jesse Gasior. Other may learn about the scheme from the defendant and his brother. Only a within guidelines sentence would convey to those looking to imitate this fraud scheme that such activity will be fairly punished. A reduced sentence, on the other hand, will encourage others to participate in such a scheme since the costs (i.e., the risks and punishments) are minimal compared to the potential rewards (a fairly sizeable salary).

  G. <u>The Need for the Sentence Imposed to Protect the Public</u>

  The Court must impose a sentence that will adequately protect the public from further crimes. Recidivism is a significant concern. In order to protect the public from the defendant, a sentence at the lower end of the guidelines range would be necessary to discourage the defendant from re-engaging in such activities upon release.

  H. <u>Avoid Unwarranted Disparities</u>

  Although it is a goal "to avoid unwarranted sentence disparities among defendant's with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), the defendant should receive a lesser sentence than his brother. Defendant's brother corrupted the defendant, engaged in the fraudulent activity nearly twice as often, and made substantially more money than the defendant. As a result, it would be appropriate for the defendant to receive a sentence at the lower guidelines range and for the defendant's brother to receive a greater sentence.

I.  <u>Kinds of Sentences Available</u>

Because the defendant's Guidelines range falls within Zone D, the minimum term shall be satisfied by a sentence of imprisonment and probation would not be appropriate.

## RESTITUTION & FORFEITURE

The government does seek restitution in this case. Restitution should be paid to each of the 104 victims. In addition, because the defendant obtained money from his brother to assist his brother's ticket fraud scheme, the defendant should be ordered to pay, joint and severally, $500 in restitution to the victims of Daniel J. Isabella Jr. ticket fraud scheme.

## CONCLUSION

For all of the reasons set forth above, the government respectfully requests the Court to impose a sentence at the lower end of the Guidelines range. Such a sentence would be sufficient, but not greater than necessary, to meet the goals of sentencing.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

/s/ *Shardul S. Desai*
SHARDUL S. DESAI
Assistant U.S. Attorney
DC Bar No. 990299
U.S. Post Office and Courthouse
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
412/644-3500