AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | |
| DAVID J. ISABELLA | ) | Case Number: CR NO. 13-00175-002 |
| | ) | USM Number: 34404-068 |
| | ) | Patrick K. Nightingale, Esquire |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

X  pleaded guilty to count(s)   2, 7 & 8

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 5/31/2012 | 2 |
| 18 U.S.C. § 1343 | Wire Fraud | 9/8/2012 | 7 |
| 18 U.S.C. § 1343 | Wire Fraud | 9/8/2012 | 8 |

   The defendant is sentenced as provided in pages 2 through ___14___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   1   X is  ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 29, 2014
Date of Imposition of Judgment

*/s/ Nora Barry Fischer*
Signature of Judge

Nora Barry Fischer, United States District Judge
Name and Title of Judge

Date  September 29, 2014

AO 245B   (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 14

DEFENDANT:      DAVID J. ISABELLA
CASE NUMBER:    CR NO. 13-00175-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

of six (6) months, comprised of six (6) months at each of Counts 2, 7 & 8, said terms to be served concurrently.

X   The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant: (1) be incarcerated at a detention facility as close to Pittsburgh, Pennsylvania for which he qualifies; (2) shall participate in the Bureau of Prison's Inmate Financial Responsibility Program through which 50 percent of his prison salary shall be applied to any financial obligation imposed by the Court; (3) receive any and all substance abuse treatment while incarcerated for which he is eligible; (4) receive any available vocational and educational training while incarcerated, for which he is eligible; (5) Defendant's term of incarceration shall be served at a residential re-entry center (such as Renewal, Inc., 339 Blvd. of the Allies, Pittsburgh, PA 15222).

☐   The defendant is remanded to the custody of the United States Marshal.

X   The defendant shall surrender to the United States Marshal for this district:

   X   at   9:00   X  a.m.   ☐ p.m.   on   November 10, 2014, unless the defendant is advised to report to a facility at an earlier date by the Bureau of Prisons

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
              Sheet 3 — Supervised Release

Judgment—Page **3** of **14**

DEFENDANT:     DAVID J. ISABELLA
CASE NUMBER:     CR NO. 13-00175-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years, said term comprised of three (3) years at each of Counts 2, 7 & 8 to run concurrently

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page 4 of 14

DEFENDANT:      DAVID J. ISABELLA
CASE NUMBER:    CR NO. 13-00175-002

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not illegally possess a controlled substance.
2) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
3) The defendant shall provide the probation officer with access to any requested financial information.
4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
5) The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall be required to contribute to the costs of services for any such treatment in an amount to be determined by the probation officer but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.
6) The defendant shall cooperate in the collection of DNA as directed by the probation officer.
7) The defendant shall pay restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release at a rate of not less than 10% of his gross monthly earnings. The first payment shall be due within 30 days from the defendant's release from the custody of the Bureau of Prisons.
8) The defendant is permitted to possess and/or use a computer and is allowed to access to the Internet. However, the defendant shall not possess or use personal identification information belonging to another person or use a computer or internet to facilitate or obtain any personal identification information belonging to another person. The defendant shall consent to the installation of any hardware/software to monitor any computer, or other electronic communication or data storage devices used by the defendant to confirm the defendant's compliance with this condition. The defendant shall pay the monitoring costs as directed by the probation/pretrial services officer. Furthermore, the defendant shall consent to periodic unannounced examinations by the probation/pretrial services officer of any computers, cell phones, or other electronic communication or data storage devices that the defendant has access to, to confirm the defendant's compliance with this condition. Additionally, the defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation/pretrial services officer, based upon reasonable suspicion of a violation of the conditions imposed in this case, or based upon reasonable suspicion of unlawful conduct by the defendant. The defendant's failure to submit to the monitoring and/or search of computers and other electronic communication or data storage devices used by the defendant may be grounds for revocation.
9) If the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation or pretrial services officer, provided the defendant notifies his employer of the nature of his conviction. The probation or pretrial services officer shall confirm the defendant's compliance with this notification requirement.
10) The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). The defendant shall abide by the provisions of the Computer Restrictions and Monitoring Program approved by the Court.
11) The defendant shall submit his person, property, house, residence, vehicle, papers, business or place of employment, to a search, conducted by the United States probation/pretrial services officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.
12) The defendant shall participate in the United States Probation Office's Work Force Development Program as directed by the probation officer.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 14

DEFENDANT: DAVID J. ISABELLA
CASE NUMBER: CR NO. 13-00175-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 300.00 | $ | $ 30,199.91 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| SEE PAGES 6 TO 13 FOR LIST OF NAMES NAMES OF PAYEES & AMOUNTS. PAYEES' ADDRESS INFORMATION TO BE PROVIDED TO CLERK OF COURTS' FINANCE OFFICE BY U.S. ATTORNEY. | | | |
| **TOTALS** | $ | $ 30,199.91 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X  the interest requirement is waived for the   ☐ fine   X restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 5B — Criminal Monetary Penalties

Judgment—Page   6   of   14

DEFENDANT:      DAVID J. ISABELLA
CASE NUMBER:    CR NO. 13-00175-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Ryan Depente |  | 248.50 |  |
| Ashley Mahan |  | 216.50 |  |
| Chad Bouland |  | 248.00 |  |
| Richard Goben |  | 298.50 |  |
| Jade Querry |  | 96.50 |  |
| Tom Baca |  | 273.00 |  |
| Claire Murray |  | 273.50 |  |
| Anil Cherian |  | 311.50 |  |
| Midhun John |  | 311.50 |  |
| Terry Collins |  | 298.50 |  |
| Ross Murphy |  | 263.50 |  |
| Juan Cute |  | 181.50 |  |
| Myles Hoggard |  | 278.00 |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 5B — Criminal Monetary Penalties

Judgment—Page 7 of 14

DEFENDANT:      DAVID J. ISABELLA
CASE NUMBER:    CR NO. 13-00175-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Chanel Ristick | | 323.50 | |
| Mortarice Collier | | 278.50 | |
| Ashton Duncan | | 248.50 | |
| Chris Delgado | | 248.50 | |
| Shabbir Husain | | 173.50 | |
| Philip Cox | | 211.50 | |
| Kuan Motley | | 323.50 | |
| Aaron Banker | | 323.50 | |
| Ivan Mejia | | 173.50 | |
| Mike Grosso | | 173.50 | |
| Haim Shahar | | 211.50 | |
| Shane Sigsbee | | 248.50 | |
| Rose Casseus | | 323.50 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

Judgment—Page __8__ of __14__

DEFENDANT:        DAVID J. ISABELLA
CASE NUMBER:      CR NO. 13-00175-002

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Joshua Norris |  | 323.50 |  |
| Kaci Carnali |  | 221.50 |  |
| Eric Gomez |  | 298.50 |  |
| Ibrahim Hamideh |  | 298.50 |  |
| Rianna Blosser |  | 323.50 |  |
| Brenda Jimenez |  | 323.50 |  |
| Diego Gonzalez |  | 273.50 |  |
| Angelo Didolce |  | 257.50 |  |
| Felicia Sandolo |  | 300.00 |  |
| Shane Doughty |  | 298.50 |  |
| Richard Hampton |  | 323.50 |  |
| Theodore Grothe |  | 323.50 |  |
| James Zisovski |  | 323.50 |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
              Sheet 5B — Criminal Monetary Penalties

Judgment—Page 9 of 14

DEFENDANT: DAVID J. ISABELLA
CASE NUMBER: CR NO. 13-00175-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Alfredo Gutierrez | | 323.50 | |
| Debbye Ambriz | | 161.50 | |
| Debbye Ambriz | | 323.50 | |
| Nathan Dotson | | 248.50 | |
| Muhammed Sabih | | 298.50 | |
| Collin Cocores | | 323.50 | |
| Brian McGregor | | 328.50 | |
| Ibrahim Badimoole | | 323.50 | |
| Carlos Gomez | | 273.50 | |
| Nirvam Shah | | 237.50 | |
| Thomas Johnson | | 211.50 | |
| Alex Yessayan | | 250.00 | |
| Alan Bramson | | 323.50 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

Judgment—Page    10    of    14

DEFENDANT:       DAVID J. ISABELLA
CASE NUMBER:     CR NO. 13-00175-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Zoraida Laboy | | 313.50 | |
| Otniel Castillo | | 313.50 | |
| Kyle Behringer | | 313.50 | |
| Daniel Martinez | | 281.50 | |
| Phillip Morris | | 283.50 | |
| Timothy Benneth | | 303.50 | |
| Osmany Mena | | 301.00 | |
| Jorge Seneno | | 306.00 | |
| Thomas C. Shanan | | 293.50 | |
| Mike J. Francis | | 301.75 | |
| Alexa J. Durbin | | 313.50 | |
| Brittany O. List | | 313.50 | |
| Scott Prentice | | 313.50 | |

  * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment—Page 11 of 14

DEFENDANT: DAVID J. ISABELLA
CASE NUMBER: CR NO. 13-00175-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Regina Parker | | 328.50 | |
| Susan Harper | | 328.50 | |
| Kim Craven | | 248.50 | |
| Carolyn Forcillo | | 323.50 | |
| Shawn Scannell | | 273.50 | |
| Alison Barnes | | 323.50 | |
| Patrick Keon | | 238.50 | |
| Sandra Gonzalez | | 323.50 | |
| Casey Salinas | | 211.50 | |
| Karen Sanchez | | 323.50 | |
| Sarah Wankowski | | 273.50 | |
| Crista Obitts | | 323.50 | |
| Elham Karamati | | 323.50 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 5B — Criminal Monetary Penalties

Judgment—Page 12 of 14

DEFENDANT: DAVID J. ISABELLA
CASE NUMBER: CR NO. 13-00175-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Kelsey Quartuccio | | 323.50 | |
| Marisa Dunn | | 323.50 | |
| Lance Comer | | 251.00 | |
| Heather Spinner | | 300.00 | |
| Michael Jelencovich | | 303.50 | |
| Jennifer Hamblet | | 233.50 | |
| Larry Singh | | 303.66 | |
| Michael Biffel | | 313.50 | |
| Lisa Day | | 303.50 | |
| Barry Prichard | | 213.50 | |
| Abigail Martin | | 304.00 | |
| Kevin Jackson | | 303.00 | |
| Bryon Beresford | | 303.50 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

Judgment—Page 13 of 14

DEFENDANT: DAVID J. ISABELLA
CASE NUMBER: CR NO. 13-00175-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Allison Larochelle | | 323.50 | |
| Johnathan Doone | | 248.50 | |
| Whitney Pack | | 161.50 | |
| Lisa Mackto | | 232.50 | |
| Katie Hickey | | 274.00 | |
| Moneygram | | 161.50 | |
| Elizabeth Newman | | 323.50 | |
| Benjamin Weiner | | 313.50 | |
| Crystal Medel | | 323.50 | |
| Venes Cahvez | | 313.50 | |
| Leo Kuba | | 323.50 | |
| Marcos Gonzalo | | 323.50 | |
| Julio Velasquez | | 323.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page  14  of  14

DEFENDANT:       DAVID J. ISABELLA
CASE NUMBER:     CR NO. 13-00175-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒ Special instructions regarding the payment of criminal monetary penalties:

$300.00 Special Assessment is due immediately; As to the $30,199.91 in ordered Restitution (which includes $29,699.91 for defendant's offense & $500.00 related to the victims of co-defendant Daniel J. Isabella's transactions): The defendant shall initially make payments through the defendant's participation in the U.S. Bureau of Prisons' Inmate Financial Responsibility Program through which 50% of his prison salary shall be applied toward the payment of restitution. Defendant shall pay any remaining balance of restitution as a condition of supervised release with defendant to pay at the rate of not less than 10% of his gross monthly income. The first payment shall be due within 30 days from defendant's release from custody of the Bureau of Prisons. All restitution payments are to be made to the Clerk of the U.S. District Court for the Western District of Pennsylvania to be forwarded to the victims in an amount proportional to each victim's share of the total loss. Restitution in the amount of $500.00 shall be paid jointly and severally with co-defendant Daniel J. Isabella to the victims of co-defendant Daniel J. Isabella's transactions. The victims' recovery is limited to the amount of loss, and so the defendant's liability for Restitution ceases if and when the victim receives full restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Restitution in the amount of $500.00 shall be paid jointly and severally with co-defendant Daniel J. Isabella to the victims of co-defendant Daniel J. Isabella's transactions. The victims' recovery is limited to the amount of loss, and so the defendant's liability for Restitution ceases if and when the victim receives full restitution.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.